## BUZZELL *v.* FIFIELD.

*(Circuit Court, D. Massachusetts. January 27, 1881.)*

1. PATENT No. 178,994—IMPROVEMENT IN ABRASIVE PAPER—NOVELTY.
   Letters patent No. 178,994, granted J. G. Buzzell, June 20, 1876, for a new article of manufacture, consisting of a strip of flexible material coated upon its outer face with abrasive material, and having said face made convex longitudinally and transversely, to be applied to the peripheries of wheels for finishing the heels and edges of boots and shoes, *held, invalid* for want of novelty.

In Equity.

*George S. Boutwell*, for complainant.

*James E. Maynadier*, for defendant.

LOWELL, D. J. The plaintiff's patent of June 20, 1876, No. 178,994, is for an improvement in abrasive paper, for finishing the heels and edges of boots and shoes. The state

v.7,no.4—30

of the art, and its improvement by the patentee, are thus set out in the specification: "In the manufacture of boots and shoes by machinery, the edges of the heels, and portions of the shanks which present concave surfaces, have heretofore been finished by expensively-prepared abrasive wheels, which, requiring frequent renewal, materially increased the expense of the articles to be manufactured. To obviate this difficulty is the design of my invention, which consists, as a new article of manufacture, in a strip of flexible material coated upon its outer side with abrasive substance, and having said side made convex, transversely and longitudinally, substantially as and for the purpose hereinafter specified."

The drawings show a strip of paper, or cloth, which is first to be covered with powdered glass, sand, emery, or other abrasive material, "after which said strip is moulded so as to cause said abrasive surface to have a convex form, transversely and longitudinally. The strip thus prepared is coiled into a roll, as seen in figure 1, and in such shape is sold to manufacturers of boots and shoes, who employ it upon the peripheries of wheels, which correspond in width and convexity to the like features of said strip, the latter being first cut to the necessary length to enable it to encircle each wheel, and then secured in place by any desired means." It then shows the advantages of this mode of preparing the surface of the finishing wheels, and claims, "as a new article of manufacture, a strip of flexible material coated upon its outer face with abrasive substance, and having said face made convex, transversely and longitudinally, substantially as and for the purpose specified."

The state of the art was not precisely what the patentee supposed. It is not now disputed that the narrow finishing wheels were made of wood or iron, then coated with a ring or tire of felt, which was trimmed to the exact form desired, and then covered with a strip of cloth, which was secured in any convenient way, and then coated with sand, etc. Such a strip, when on the wheel, was substantially, for aught that I can see, the patented strip; it certainly was if it had become stiff enough to retain its shape; and it could be removed and

replaced as cheaply and easily. The defendant insists that it was not a patentable improvement to remove such a strip, and sell it as an article of commerce; or, in other words, that to mould such a strip upon the wheel, or off the wheel, is the same invention. But there is further evidence, though not so full and clear, upon the state of the art. The patentee had, in fact, invented a very good machine for moulding sand-paper, but this he has neither described nor patented. He gives no directions for moulding the flexible material, excepting that it is to be moulded to fit the periphery of the wheel. The consequence is that on the one hand, if his patent is good, he covers all moulded strips, however well or ill done, if they will work, and retains his machine for his own use; and, on the other, if the thing had been done before, however well or ill, but so as to be of practical use, his patent is not good.

Now I am convinced by the evidence that sand-paper had been moulded in a comparatively imperfect manner, but so as to be actually applied to and used upon this class of finishing wheels, with effect, before the time of his discovery. One Busell did this with a block and mallet, long before well known to shoemakers, and used by them in moulding leather. The patentee has described no better way; he has merely directed that the thing should be done. It is, therefore, in my opinion, no answer to Busell's anticipation to say that his strips would never have become articles of commerce. They served the purpose, and would, if now for the first time made or used, though not good enough to find a sale, be an infringement of the patent, and they, therefore, invalidate it.

Bill dismissed.